**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **JO L. CARR,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:10-CV-00477-TWT-AJB** |
| **v.** | : | |
| | : | |
| **MID-ATLANTIC FINANCIAL** | : | |
| **SERVICES, INC., MORTGAGE** | : | |
| **ELECTRONIC REGISTRATION** | : | |
| **SYSTEMS, INC.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

**ORDER FOR SERVICE OF**
**REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate

Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b),

N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the

same be filed and a copy, with a copy of this order, be served upon counsel for the

parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any,

to the Report and Recommendation within **fourteen (14)** days of service of this Order.

Should objections be filed, they shall specify with particularity the alleged error(s)

made (including reference by page number to any transcripts if applicable) and shall be

AO 72A
(Rev.8/8
2)

served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  27th  day of   July  , 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **JO L. CARR,** | : | |
| | : | |
| **Plaintiff,** | : | **CIVIL ACTION FILE NO.** |
| | : | **1:10-CV-00477-TWT-AJB** |
| **v.** | : | |
| | : | |
| **MID-ATLANTIC FINANCIAL** | : | |
| **SERVICES, INC., MORTGAGE** | : | |
| **ELECTRONIC REGISTRATION** | : | |
| **SYSTEMS, INC.,** *et al.*, | : | |
| | : | |
| **Defendants.** | : | |

## UNITED STATES MAGISTRATE JUDGE'S
## <u>NON-FINAL REPORT AND RECOMMENDATION</u>

Currently before the Court are the following three motions: (1) a motion to dismiss by Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), [Doc. 6]; (2) a motion to dismiss by HSBC Bank USA National Association ("HSBC"), [Doc. 11]; and (3) a motion to dismiss by Mortgage Electronic Registration Systems Inc. ("MERS"), [Doc. 15]. The undersigned also *sua sponte* addresses whether Plaintiff has served process on Defendant Mid-Atlantic Financial Services, Inc., ("Mid-Atlantic"). For the reasons that follow, the undersigned **RECOMMENDS** that the District Court: (1) *sua sponte* **DISMISS** Mid-Atlantic pursuant to FED. R. CIV. P. 4(m); (2) **GRANT**

**IN PART AND DENY IN PART** Wells Fargo's motion to dismiss,[1] [Doc. 6]; (3) **GRANT** HSBC's motion to dismiss, [Doc. 11]; and (4) **GRANT** MERS's motion to dismiss, [Doc. 15].

### *Introduction*

On February 19, 2010, Plaintiff, proceeding *pro se*, filed the instant civil action against the following four Defendants: (1) Mid-Atlantic; (2) Wells Fargo; (3) HSBC; and (4) MERS.[2] [Doc. 1].  In this action, Plaintiff complains about the circumstances surrounding the refinance and subsequent assignment of a March 5, 2007, home loan. Although unclear, Plaintiff appears to assert that Defendants violated various federal

---

[1]    Specifically, the undersigned **RECOMMENDS** that: (1) Wells Fargo's motion to dismiss on Rule 12(b)(5) grounds be **DENIED**; (2) Wells Fargo's motion to dismiss for failure to state a claim under 12 U.S.C. § 2605(c) be **DENIED**; and (3) Wells Fargo's motion to dismiss all other claims under Rule 12(b)(6) be **GRANTED**.  Therefore, if the District Court were to adopt this Report and Recommendation, only Plaintiff's claim arising under 12 U.S.C. § 2605(c) would remain.

[2]    Plaintiff used a variation of a generic complaint form that is circulating among *pro se* litigants in this Court.  *See, e.g.*, Complaint at Doc. 1 in *Wade v. Countrywide Home Loans et al.*, 1:09-cv-1783-ODE; Complaint at Doc. 1 in *Ajavon v. Countrywide Home Loans et al.*, 1:09-cv-104-TCB.

2

AO 72A
(Rev.8/8
2)

laws,[3] by charging excessive fees, not disclosing closing documents, and failing to provide proper notice of the loan's assignment.  [*See id.*].

On March 9, 2010, Wells Fargo filed a motion to dismiss.  [Doc. 6].  HSBC and MERS filed similar motions to dismiss on March 16 and March 30, respectively. [Docs. 11, 16].  Plaintiff did not respond to any of these motions.  [Dkt.].  With briefing completed, the Court turns to the merits of Defendants' motions.

### Discussion

#### A.    *Plaintiff's Failure to Respond*

Under this Court's Local Rules, the "[f]ailure to file a response shall indicate that there is no opposition to the motion."  N.D. Ga. R. 7.1B; *Welch v. Delta Airlines, Inc.*, 978 F. Supp. 1133, 1148 (N.D. Ga. 1997).  "[T]he court, in its discretion, may waive a Local Rule."  *Edwards v. Shalala*, 846 F. Supp. 997, 998 n.2 (N.D. Ga. 1994). Additionally, courts generally do not grant a motion to dismiss based on a *pro se*

---

[3]        Plaintiff lists a number of federal laws throughout the complaint, including: the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* ("TILA"); TILA's implementing regulation, Regulation Z, 12 C.F.R. § 226.1 *et seq.*; the Real Estate Settlement Procedures Act, 12 U.S.C. § 1601 *et seq.* ("RESPA"); the Home Ownership and Equity Protection Act, 15 U.S.C. § 1639 ("HOEPA"); the Federal Trade Commission Act, 15 U.S.C. § 45(a)(1); the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"); and the Equal Credit Opportunity Act, 15 U.S.C. § 1691 *et seq.* ("ECOA").  [*See generally* Doc. 1].

3

plaintiff's failure to respond to the motion. *Daniel v. United States*, 891 F. Supp. 600, 602 n.1 (N.D. Ga. 1995) (Hull, J.) (stating that a motion to dismiss for failure to state a claim cannot be granted on the basis that the plaintiff fails to respond); *Johnson v. Am. Meter Co.*, 412 F. Supp. 2d 1260, 1262 n.3 (N.D. Ga. 2004) (Carnes, J.) (addressing merits of motion to dismiss despite plaintiff's failure to timely respond to motion to dismiss); *see also McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000). As a result, the undersigned addresses the merits of Defendants' motions despite Plaintiff's failure to respond, but before turning to the motions, the undersigned addresses Plaintiff's failure to serve process on Mid-Atlantic.

    B.    *Service of Process*

        *1.*    *Mid-Atlantic*

Under Federal Rule of Civil Procedure Rule 4(m), a plaintiff has 120 days following the filing of a complaint to serve the defendant. *See* FED. R. CIV. P. 4(m); *see Lepone-Dempsey v. Carroll County Comm'rs*, 476 F.3d 1277, 1281 (11th Cir. 2007). Thus, in the context of this case, Plaintiff had until 120 days after February 19, 2010, *i.e.*, until June 21, 2010, to serve Defendants. A district court may *sua sponte* dismiss an action against a defendant without prejudice when the plaintiff has not served the defendant if the court gives notice to the plaintiff. *See* FED. R. CIV. P. 4(m).

4

The undersigned concludes that Plaintiff's claims against Mid-Atlantic should be dismissed *sua sponte* for failure to serve this Defendant. On February 23, 2010, and again on March 17, 2010, Plaintiff indicated that she was unable to serve the summons and complaint on Mid-Atlantic because it had moved and was out of business. [*See* Docs. 2, 13]. Since these two attempts at service, there is no evidence that Plaintiff successfully served Mid-Atlantic by June 21, 2010. As a result, the undersigned concludes that Plaintiff's claims against Mid-Atlantic are subject to dismissal without prejudice pursuant to Rule 4(m).

Before the District Court may dismiss these claims, the Court must give notice to Plaintiff. *See* FED. R. CIV. P. 4(m). The undersigned's Report and Recommendation serves as notice to Plaintiff that the District Court is contemplating dismissing these Defendants under Rule 4(m). *See United States v. Willis*, 273 F.3d 592, 597 n.6 (5th Cir. 2001) ("We note here that these two concerns [of notice and an opportunity to be heard] were satisfied due to the fact that the magistrate raised the issue and [party] then had an opportunity to argue against the magistrate's findings to the district court."); *cf. Shivers v. Int'l Brotherhood of Elec. Workers Local Union 349*, 262 Fed. Appx. 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant of summary judgment where a magistrate

5

judge issues a report recommending the *sua sponte* granting of summary judgment). Plaintiff may avoid dismissal of the claims against Mid-Atlantic by filing objections to this Report and Recommendation in which Plaintiff either shows that Mid-Atlantic was served or "shows good cause for the failure" to serve Mid-Atlantic. FED. R. CIV. P. 4(m).

Accordingly, the undersigned **RECOMMENDS** that the Plaintiff' claims against Mid-Atlantic be **DISMISSED WITHOUT PREJUDICE** if Plaintiff does not establish good cause for the failure to serve Mid-Atlantic or fails to show that this Defendant was served in the objections to this Report and Recommendation.

### 2.    *Wells Fargo*

Wells Fargo seeks dismissal of the claims against it pursuant to FED. R. CIV. P. 12(b)(5) because Plaintiff did not properly serve process on it. [Doc. 6 at 4-6]. Wells Fargo contends that service of process was insufficient because Plaintiff only mailed a copy of the summons to Wells Fargo. Wells Fargo states that service by mail on a non-resident corporation is improper under Georgia law. [*Id.* at 5-6].

Under FED. R. CIV. P. 12(b),

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

6

. . .

(5)    insufficient service of process[.]

FED. R. CIV. P. 12(b)(5).  "A defendant may object to service by filing a motion to dismiss pursuant to . . . or Rule 12(b)(5) . . . ." *Binns v. City of Marietta Housing Auth.*, No. 1:07-cv-0070, 2007 WL 2746695, *2 (N.D. Ga. Sept. 18, 2007) (Story, J.). Under FED. R. CIV. P. 4(h), a corporation may be served one of three ways: (1) by following State law for serving a summons in the State where the District Court is located; (2) by following State law for serving a summons in the State where "service is made," FED. R. CIV. P. 4(h)(1)(A) (citing FED. R. CIV. P. 4(e)(1)); and (3) by delivering a copy of the summons and complaint to an authorized agent of the corporation to receive service, FED. R. CIV. P. 4(h)(1)(B).

A District Court judge in this District has explained the parties' burdens concerning when a defendant challenges service of process as follows:

> [T]he defendant first bears the burden of producing affidavits that, in *non-conclusory fashion*, demonstrate the absence of jurisdiction. . . . The plaintiff then bears the burden of presenting "enough evidence to withstand a motion for directed verdict." . . . If the plaintiff presents countering evidence, "the court must construe all reasonable inferences in favor of the plaintiff." . . . Absent an evidentiary hearing,[ ] the plaintiff's presentation of sufficient evidence to defeat a motion for directed verdict ends the inquiry favorably to the plaintiff.

7

*Lowdon PTY Ltd. v. Westminster Ceramics, LLC*, 534 F. Supp. 2d 1354, 1360 (N.D. Ga. 2008) (Shoob, J.) (citations and footnote omitted) (emphasis added). Thus, "[p]laintiff bears the burden of establishing that service was properly effected . . . ." *Ishler v. Comm'r of Internal Revenue*, 442 F. Supp. 2d 1189, 1196 (N.D. Ala. 2006); *see also Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. Jan. 27, 1981) ("When service of process is challenged, the party on whose behalf it is made must bear the burden of establishing its validity."). However, the defendant must first establish that process was insufficient by pointing out specifically the manner plaintiff has failed to satisfy the requirements of the service provision utilized before the plaintiff must meet his/her burden. *See* Wright & Miller, 5B FED. PRACT. & PROC. § 1353 ("The objection to insufficiency of process or its service should point out s*pecifically* in what manner the plaintiff has failed to satisfy the requirements of the service provision that was utilized.") (emphasis added); *Hickson v. Home Fed. of Atlanta*, 805 F. Supp. 1567, 1571 (N.D. Ga. 1992) (Hall, J.).

The undersigned concludes that Wells Fargo's motion to dismiss on service of process grounds is insufficient. First, Wells Fargo has not shown how it was served. Although Wells Fargo states that service was by mail, its evidence of this service by mail is the summons appended to Plaintiff's complaint. [*See* Doc. 6 at 6 (citing

8

"Summons, appended to Plaintiff's Compl." in support of statement that Plaintiff served Wells Fargo by mail)].  The undersigned's review of this summons finds that it does not indicate how Plaintiff attempted to serve Wells Fargo.  Instead, the summons merely indicates that Wells Fargo's address was in Fort Mill, South Carolina.  [Doc. 1-2 at 7].  Nothing about the summons indicates that service was attempted by mail, [*id.*], and the proof of service form appended to the Wells Fargo summons is blank, [Doc. 1-2 at 8].  At most, the summons attached to the complaint merely shows that the Clerk issued a summons for Wells Fargo at an address in South Carolina.  The undersigned therefore finds that Wells Fargo has not made any showing as to how Plaintiff attempted to serve this summons and the complaint on Wells Fargo.  As a result, the undersigned concludes that Wells Fargo has not initially demonstrated how service was actually attempted.  Without this showing, Wells Fargo is not entitled to having the claims against it dismissed under Rule 12(b)(5).  *See Lowdon PTY Ltd.*, 534 F. Supp. 2d at 1360; Wright & Miller, 5B FED. PRACT. & PROC. § 1353.

Second, even if Wells Fargo had shown that Plaintiff attempted service of process by mail, Wells Fargo's legal arguments concerning service of process are insufficient.  Wells Fargo has only argued that service by mail was insufficient under Georgia law.  [*See* Doc. 6 at 5-6].  Although this argument relating to Georgia law may

9

be correct,[4] this sole reliance on Georgia law ignores that Rule 4(h) allows for service

by methods other than those permitted under Georgia law.  As explained above, a

corporation also may be served process under Rule 4(h): (1) by delivering a copy of the

summons and complaint to an authorized agent, FED. R. CIV. P. 4(h)(1)(B); and (2) by

following state law for serving summons in the state "where service is made,"

FED. R. CIV. P. 4(h)(1)(A) (citing FED. R. CIV. P. 4(e)(1)).  Wells Fargo's motion does

not explain why Plaintiff's mailing of the summons does not comply with these

provisions.  Although the undersigned could examine whether service by mail is

sufficient under the delivery provision of Rule 4(h)(1)(B) or the "where service is

made" provision under Rule 4(h)(1)(A), the undersigned declines to do so *sua sponte*,

_____

[4]      *See Profit v. Americold Logistics,LLC*, No. 1:07-cv-1920,
2008 WL 1902190, *2 (N.D. Ga. Apr. 25, 2008) (Thrash, J., adopting Walker, M.J.)
(concluding that mailing of summons and complaint to corporation under Georgia law
was insufficient).  The undersigned notes, however, that Georgia law contemplates
service of corporations by overnight, registered or certified mail if the corporations'
agent or registered agent cannot be served with reasonable diligence.  *See B&B Quick
Lube, Inc. v. G&K Servs. Co.*, 283 Ga. App. 299, 300, 641 S.E.2d 198, 200 (2007)
(noting that service of corporation by certified, registered, or overnight mail may be
made only after plaintiff uses "reasonable or due diligence in serving the registered
agent") (citing O.C.G.A. § 14-2-504(b)).  Also, Georgia law contemplates service by
overnight, registered or certified mail of foreign corporations when the foreign
corporation does not have a registered agent or the agent cannot be served with
reasonable diligence. O.C.G.A. § 14-2-1510(b).  It is not clear what method of mailing
(*e.g.*, first class, certified, registered, over night) Plaintiff allegedly used in serving
Wells Fargo.

10

AO 72A
(Rev.8/8
2)

for the undersigned's role is not to serve as counsel for a party.  *See GJR Investments, Inc. v. County of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998) (noting that court does not have "license to serve as *de facto* counsel for a party").

Since Wells Fargo's motion to dismiss based on Plaintiff's alleged failure to serve process is deficient, the undersigned cannot determine whether Plaintiff's attempt at service of process was sufficient.  Accordingly, the undersigned **RECOMMENDS**

11

AO 72A
(Rev.8/8
2)

that Wells Fargo's motion to dismiss pursuant to FED. R. CIV. P. 12(b)(5) be **DENIED**.[5]

_____

[5]     If the District Court opts to consider whether service by mail is appropriate under the delivery provision of Rule 4(h)(1)(B) or the "where service is made" provision of Rule 4(e)(1) (by way of Rule 4(h)(1)(A)), the undersigned turns to these issues.  First, service by mail is insufficient to deliver a copy of the summons and complaint to an authorized agent under Rule 4(h)(1)(B).  *See Pelmore v. Pinestate Mortg. Corp.*, No. 1:09-cv-2313, 2010 WL 520767, *2 (N.D. Ga. Feb. 8, 2010) (Thrash, J., adopting R&R of Scofield, M.J.) (citing *Dyer v. Wal-Mart Stores, Inc.*, 318 Fed. Appx. 843, 844 (11th Cir. Mar. 11, 2009)).

As for the "where service is made" provision, the undersigned concludes that Plaintiff's attempt at service to Wells Fargo by mail is also insufficient.  Since Plaintiff allegedly attempted to serve Wells Fargo by mail at an address in South Carolina, it appears that Plaintiff attempted to make service in South Carolina, so the undersigned turns to South Carolina law.  (The undersigned notes that service is "complete[d]" for purposes of Rule 5 at the time of mailing.  *See* Fed. R. Civ. P. 5(b)(2)(C).  The undersigned has found no case law addressing where service is made when a plaintiff attempts to serve process by mail under Rule 4.  As a result, it is unclear whether the mailing location or the addressee's location serves as the place "where service is made" when a plaintiff attempts service by mail.  The undersigned notes, however, that some courts have examined the state law of the addressee's location when a defendant complained of improper service of process by mail.  *See Pelmore*, 2010 WL 520767 at *3 (examining Texas, Georgia, and federal law where plaintiff asserted service of process was proper where complaint was mailed to defendant at a Texas address).  The undersigned will therefore assume that the addressee's location is the place where service is made when a plaintiff attempts to serve a defendant by mail.)  A corporation may be served under South Carolina law through the mail, but the mailing must be by registered or certified mail.  *See* S.C. Code §§ 15-9-210 (domestic corporation), 15-9-240(b) (foreign corporation).  To the extent that Plaintiff attempted service by mail in South Carolina, it is not clear that Plaintiff sent the summons and complaint by registered or certified mail.  As such, Plaintiff does not appear to have served process on Wells Fargo, assuming that Plaintiff attempted service by mail.

AO 72A
(Rev.8/8
2)

### C.    Rule 12(b)(6)

Although only Wells Fargo sought dismissal under Rule 12(b)(5), all Defendants who have appeared in this case seek dismissal pursuant to Rule 12(b)(6).  The Court, therefore, turns to the parties' arguments relating to Rule 12(b)(6) dismissals.

### 1.    Facts[6]

On March 5, 2007, Plaintiff obtained a loan from Mid-Atlantic to refinance a mortgage for property at 3655 Garden Way, Cumming, Georgia.  (*See* Complaint at 2 in Doc. 1).  MERS was appointed as the "Attorney-in-fact," (*id.*), and is listed as nominee for the lender, (*id.* at 4).

Plaintiff alleges that in servicing the loan, Mid-Atlantic charged excessive fees when Plaintiff was charged a $1,545 fee to waive an escrow account and two wire fees.

---

[6]    In considering a motion to dismiss under Rule 12(b)(6), courts "accept as true the facts as set forth in the complaint and draw all reasonable inferences in the plaintiff's favor."  *Randall v. Scott*, --- F.3d ----, ----, 2010 WL 2595585 (11th Cir. June 30, 2010); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (noting that all allegations in the complaint are to be taken to be true even if doubtful in fact).  However, "courts may infer from the factual allegations in the complaint 'obvious alternative explanation[s],' which suggest lawful conduct rather than the unlawful conduct the plaintiff would ask the court to infer."  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (quoting *Iqbal v. Ashcroft*, --- U.S. ---, 129 S. Ct. 1937, 1950-51 (2009)).  Thus, it appears that inferences are drawn in a light most favorable to the plaintiff, unless the court finds obvious, lawful explanations for the factual allegations.  The undersigned does not address this apparent conflict concerning inferences, but instead merely notes its existence.

13

(*Id.*).    Plaintiff also believes that she was double charged because the $200 administrative fee, the $300 processing fee, and the $475 underwriting fee were for the same function.  (*Id.*).  Prior to or during the closing, Plaintiff did not receive the early disclosure statements, the special information booklet, the controlled business arrangement disclosure, and notices of cancellation.  (*Id.* at 2, 3).

Plaintiff's loan was transferred several times.  (*Id.* at 3).  At an unspecified date, the loan was transferred to Wells Fargo, but Plaintiff was not provided notice of the loan.  (*Id.* at 2, 3).

On January 22, 2010, Plaintiff sent a rescission letter "to the parties involved." (*Id.* at 3).  Plaintiff believes that she is entitled to rescission under TILA and HOEPA. (*Id.*).

### 2.    *Defendants' Arguments*

With limited exceptions, Defendants raise very similar arguments for seeking dismissal under Rule 12(b)(6), so the undersigned summarizes Defendants' arguments for dismissal together.  First, Defendants argue that Plaintiff's complaint contains conclusory allegations and does not state any claims for relief.  [Doc. 6 at 9; Docs. 11, 15 at 7].  To emphasize this point, Defendants note that Plaintiff's complaint is a form complaint that other litigants have unsuccessfully used in this Court.  [Doc. 6 at 9 n.6;

14

Doc. 11 at 7 n.6; Doc. 15 at 7 n.6]. HSBC asserts that Plaintiff's claims should be dismissed against it for not meeting the pleading standard announced in *Bell Atlantic v. Twombly* because Plaintiff's complaint only mentions HSBC in the caption, makes no factual allegations against it, and instead focuses on the roles of Mid-Atlantic and Wells Fargo. [Doc. 11 at 7-9]. Similarly, MERS contends that it does not have fair notice as to the claims against it. [Doc. 15 at 7-9]. MERS also asserts that to the extent that Plaintiff disputes MERS's role in the loan transaction, courts have determined that it may act as a centralized system for registering loans. [*Id.* at 9].

Second, Defendants argue that Plaintiff's allegations that Mid-Atlantic did not provide a copy of the Special Information booklet must fail because this requirement arises under 12 U.S.C. § 2604 and there is no private right of action for a violation of this provision. [Doc. 6 at 11-13; Doc. 11 at 9-11; Doc. 15 at 10-12]. Third, Defendants argue that Plaintiff's complaint does not state a RESPA claim for failure to provide adequate notice of the assignment under 12 U.S.C. § 2605(b) and (c) because such notice is required after the transfer, not before the transfer of the loan. [Doc. 6 at 13-14; Doc. 11 at 11-13; Doc. 15 at 12-13]. Fourth, Defendants assert that Plaintiff's claims for damages under TILA and claims arising under Section 8 of RESPA (12 U.S.C. § 2607) are untimely because they fall outside of the one-year statute of limitations

period.  [Doc. 6 at 15-16; Doc. 11 at 13-14; Doc. 15 at 14-15].  Although Defendants recognize that equitable tolling may apply in certain circumstances, Defendants assert that tolling is not applicable in the instant case.  [Doc. 6 at 16 n.10; Doc. 11 at 14 n.10; Doc. 15 at 15 n.9].  Fifth, Defendants argue that Plaintiff has not sufficiently pled facts to demonstrate that he is entitled to rescission because: (1) Plaintiff has not alleged that a security interest was taken by the lender in his principal dwelling; and (2) Plaintiff has not alleged facts to show that Defendants are creditors.  [Doc. 6 at 17-18; Doc. 11 at 15-16; Doc. 15 at 16-17].

Sixth, Defendants observe that because Plaintiff obliquely refers to deceit in the complaint, Plaintiff may be raising a state law fraud claim.  Defendants then argue that if such a claim is raised, Plaintiff has not stated fraud claims because there are no allegations to establish the elements of fraud and the allegations are insufficient to meet the heightened pleading standards under FED. R. CIV. P. 9.  [Doc. 6 at 18-20; Doc. 11 at 16-18; Doc. 15 at 17-19].  Finally, Defendants assert that Plaintiff is not entitled to punitive damages because Plaintiff cannot prevail on any claims and Plaintiff has not alleged facts to show willful conduct, malice, or fraud.  [Doc. 6 at 20-21; Doc. 11 at 18-19; Doc. 15 at 19-20].

16

3.     *Discussion*

a.     Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)*

Defendants argue that Plaintiff's allegations against them do not meet the pleading standard of Rule 8 as interpreted by the Supreme Court's *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), decision. Under FED. R. CIV. P. 8(a), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). The purpose of this requirement is "to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Harrison v. Benchmark Electronics Huntsville, Inc.*, 593 F.3d 1206, 1214 (11th Cir. 2010) (quoting *Davis v. Coca-Cola Bottling Co. Consol.*, 516 F.3d 955, 974 (11th Cir. 2008)). Under the Supreme Court's *Twombly* decision and its progeny (*Erickson v. Pardus*, 551 U.S. 89 (2007), and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009)), the Rule 8 requirement is satisfied when the complaint contains

> more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads

17

> factual content that allows the court to draw the reasonable inference that
> the defendant is liable for the misconduct alleged. . . .

*Iqbal*, 129 S. Ct. at 1949 (internal punctuation and citations to *Twombly* omitted).  A

court "may infer from the factual allegations in the complaint 'obvious alternative

explanation[s],' which suggest lawful conduct rather than the unlawful conduct the

plaintiff would ask the court to infer."  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d

1283, 1290 (11th Cir. 2010) (quoting *Iqbal*, 129 S. Ct. at 1951).  This interpretation of

the Rule 8 standard applies to *pro se* litigants although *pro se* litigants' complaints are

held to less stringent standards and will be liberally construed.  *See Erickson*, 551 U.S.

at 94.  Since each Defendant raises a slightly different argument as to the *Twombly*

issue, the undersigned addresses Defendants' arguments separately.

### i.  HSBC

The Court concludes that Plaintiff's complaint fails to state any claims against

HSBC under the notice pleading standard as interpreted by the Supreme Court in *Iqbal*

and *Twombly*.  As HSBC notes, Plaintiff's complaint only refers to HSBC once in the

entire complaint by listing HSBC as a Defendant in the caption of the complaint.

Otherwise, the complaint contains no specific factual allegations as to HSBC's role in

this case.  [*See generally* Doc. 1].  Plaintiff did not bother to list HSBC as a party to the

action when listing the parties.  [*See id.* at 4-5].  Instead, the complaint generally refers to all "Defendants" deliberately failing to provide the necessary disclosures and charging excessive fees.  [Doc. 1 at 5].  Such a pleading technique in which no factual allegations are made specifically against HSBC is the type of "unadorned, the-defendant-unlawfully-harmed-me accusation" and "naked assertion[] devoid of further factual enhancement" condemned by the Supreme Court.  *See Iqbal*, 129 S. Ct. at 1949.  As a result, the undersigned concludes that Plaintiff's reference to HSBC in the caption of the complaint and general allegation of being harmed by all Defendants does not state a claim against HSBC.  *See Mazuch v. Rosier*, No. 3:08-cv-18, 2008 WL 4844730, *7 (S.D. Ga. Nov. 7, 2008) (finding that plaintiff failed to state a claim where he only referred to defendant in the caption of the complaint); *Walker v. SunTrust Bank of Thomasville, Ga.*, No. 7:07-cv-173, 2008 WL 4004714, *3 (M.D. Ga. Aug. 26, 2008) (dismissing defendants when they were only mentioned in the caption because complaint did not meet the FED. R. CIV. P. 8(a)(2) pleading requirements); *Johnson v. Fla. Dep't of Law Enforcement*, No. 2:07-cv-57, 2008 WL 3927241, *3 (M.D. Fla. Aug. 21, 2008); *Wilder v. Wallen*, No. 1:06-cv-103, 2007 WL 120162, *1 (S.D. Ga. Jan. 11, 2007) ("Plaintiff does not state a valid claim by simply naming [the defendant], as a Defendant in the caption of his complaint and then making no further

19

mention of this Defendant."); *see also  Kadar Corp. v. Milbury*, 549 F.2d 230, 232 (1st Cir. 1977) (affirming dismissal where individual was named only in caption of complaint because status as intended defendant was "so nebulous as plainly to warrant dismissal"); *Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed, even under the liberal construction to be given pro se complaints."); *Randolph v. Cooper Indus.*, 879 F. Supp. 518, 523-24 (W.D. Pa. 1994) (finding *pro se* plaintiff failed to state a claim against defendant who was only mentioned in caption of complaint).

Accordingly, the undersigned **RECOMMENDS** that HSBC's motion to dismiss, [Doc. 11], be **GRANTED**.

### ii.  MERS

The undersigned concludes that Plaintiff has not stated a claim against MERS. The gist of Plaintiff's complaint concerns the circumstances surrounding the closing of the loan, the transfer or assignment of the loan, and the attempts to rescind the loan. Plaintiff's allegations implicate Mid-Atlantic and Wells Fargo in these transactions. As such, Plaintiff has not stated claims against MERS based on the closing, transfer,

20

or rescission attempt because Plaintiff has not alleged any facts to suggest how MERS

was involved in these transactions and therefore has not alleged facts to show that

MERS violated any laws governing these transactions.

The undersigned's analysis does not end here because Plaintiff's complaint

makes the following allegations concerning MERS:

> Mortgage Electronic Registration Systems, Inc. is listed as nominee
> for the lender.  The Trust Deed was not assigned, and the Note was
> assigned in Blank.  MERS does not Have standing as Nominee (See
> Landmark Nat'l Bank v. Kesler 216 P.3d 158 (Sup. Ct. Of Kansas 2009)
> (See Mortgage Electronic Registration Systems, Inc., Appellant, and
> Vs.
> Southwest Homes of Arkansas 2009 Ark. 152, ---S.W.3d---, 2009 WL
> 723182 Ark., 2009
> (Sup. Ct. Arkansas, 2009).

> As a fact, I have asked that the Note Holder show proof by Original
> promissory note as To whom the real holder in due course is...  Please see
> United States District Court Case For The Northern District of Ohio Case
> No. 07CV2282.  The Servicer and MERS DO NOT have standing.  See
> e.g. Greer v. O'Dell, 305 F.3d 1297, 1302-03 (11th Cir. 2002). Saxon
> Mortgage v. Hillery 2009 WL 2435926 (U.S.. Dist. Court, N.D. Cal.
> 2009).

[Doc. 1 at 4].

21

MERS responds to this portion of the complaint by noting that Plaintiff appears to be challenging MERS's status as a nominee and arguing that this challenge is meritless because Georgia law authorizes MERS to act as a nominee. [Doc. 15 at 9].[7]

It is unclear what claims Plaintiff is trying to assert against MERS. The block quote above and the five cases cited within it do not clarify Plaintiff's claims against MERS. First, the Kansas Supreme Court in *Landmark National Bank v. Kessler* affirmed the denial of MERS's motions to intervene and set aside judgment. 289 Kan. 528, 545, 216 P.3d 158,170 (2009). In reaching this conclusion, the Kansas Court examined the role that MERS plays as a nominee for the lender in mortgage transactions and concluded that MERS as a nominee did not have an interest that could be impaired by a foreclosure action because it neither made the loan nor was the recipient of monetary payments. *Id.*, 289 Kan. at 536-44, 216 P.3d at 164-70. Second,

---

[7]     The cases cited by MERS do not support the point that MERS may act as a nominee because this issue was never raised in these cases. For instance in *Johnson v. MERS*, 252 Fed. Appx. 293, 294 (11th Cir. Oct. 24, 2007), the Eleventh Circuit merely held that the plaintiff's rescission claims against MERS were untimely and that the plaintiff did not establish the elements to show fraud. As for the Georgia Supreme Court's decision in *Taylor, Bean & Whitaker Mortgage Corporation v. Brown*, the Court concluded that the trial court erred in cancelling a security deed and described MERS's role as a centralized system for registering assignments of residential mortgages, but the undersigned has found no language in which the Court held that MERS could act as a centralized system for servicing loans. *See* 276 Ga. 848, 583 S.E.2d 844 (2003).

AO 72A
(Rev.8/8
2)

in *MERS v. Southwest Homes of Arkansas*, 2009 Ark. 152, 301 S.W.3d 1 (2009), the Arkansas Supreme Court held that MERS, as an agent to the lender, had no property interest and was not a necessary party to a foreclosure action.  Third, in the Northern District of Ohio case referenced by Plaintiff, *Deutsche Bank National Trust Company, as Trustee, v. Moore*, 1:07-cv-2282, the district court concluded that the trustee bank plaintiff could not bring foreclosure actions where it was not the holder of the note and mortgage at the time the complaint was filed.  *See* Doc. 11 in *Deutsche Bank Nat'l Trust*, 1:07-cv-2282.  Fourth, the Eleventh Circuit's decision in *Greer v. O'Dell*, held that the loan servicer was the real party in interest with standing to conduct legal affairs of the investor relating to the debt that it services.  305 F.3d 1297, 1302 (11th Cir. 2002).  Finally, the *Saxon Mortgage Services, Inc. v. Hillery* case held that plaintiff could foreclose on defendants' property because it held both the note and deed of trust.  No. 08-cv-4357, 2009 WL 2435926, *5 (N.D. Cal. Aug. 3, 2009).  The theme of most of these cases is that an entity is a proper party or a party in interest in a foreclosure proceeding where the entity holds the note and deed or mortgage.

After reviewing these cases, the undersigned does not understand why Plaintiff has cited to them in this civil action.  Plaintiff has not alleged any facts indicating that MERS has instituted foreclosure proceedings.  Also, Plaintiff has not explained how

23

she has a cause of action against MERS even assuming that foreclosure proceedings were instituted because the cases cited are distinguishable from this case. Since Plaintiff has not alleged any facts to demonstrate why MERS has been listed as a Defendant and therefore why MERS is liable for any of the myriad of alleged statutory violations, the undersigned concludes that Plaintiff has not given MERS notice of the claims that Plaintiff seeks to bring against it, thereby necessitating that the claims against MERS be dismissed. *See Williams v. Chisholm*, No. 4:09-cv-48, 2009 WL 3483585, *2 (S.D. Ga. Oct. 28, 2009) (dismissing claims because plaintiff failed to provide fair notice of the nature of the claim against defendants); *see also St. John's United Church of Christ v. City of Chicago*, 502 F.3d 616, 625 (7th Cir. 2007) (stating that "a district court should dismiss a complaint if 'the factual detail ... [is] so sketchy that the complaint does not provide the type of notice of the claim to which the defendant is entitled under Rule 8' ") (quoting *Airborne Beepers & Video, Inc. v. AT & T Mobility LLC*, No. 06-2949, 2007 WL 2406859, *5 (7th Cir. Aug. 24, 2007)).

Accordingly, the undersigned **RECOMMENDS** that MERS's motion to dismiss be **GRANTED**.

24

*iii. Wells Fargo*

Wells Fargo argues that Plaintiff's complaint does not meet the *Twombly* pleading standard because "[n]owhere does Plaintiff explain how Wells is liable to Plaintiff for any wrongdoing." [Doc. 6 at 9]. The undersigned partially agrees with Wells Fargo as explained below.

First, the undersigned agrees that Plaintiff has not plead facts to demonstrate that Plaintiff suffered injury "from [Wells Fargo's v]iolations of 5(c) of the FTC Act, . . . the ECOA's Regulation B, and the FCRA." [Doc. 1 at 6]. When faced with similar allegations, the District Court for the Middle District of Georgia stated that the complaint could not survive because it "solely consist[ed] of legal conclusions that Defendants violated the particular statutes" and provided no "specific factual bases to support these claims." *Bowen v. GMAC Mortg., LLC*, No. 5:10-cv-36, 2010 WL 1740779, *2 (M.D. Ga. Apr. 28, 2010).[8] As such, Plaintiff in this case has not stated claims against Wells Fargo under these statutes by merely listing them in the prayer for relief section of the complaint. *See id.*

---

[8] The Complaint in *Bowen v. GMAC Mortg.*, 5:10-cv-36, is materially similar to the one filed by Plaintiff in the instant case. *See* Complaint within Notice of Removal at Doc. 1 in *Bowen*.

25

Also, the undersigned is persuaded that the *Bowen* Court's alternative basis for finding that the plaintiff did not state a claim applies equally to Plaintiff's claims against Wells Fargo.  In *Bowen*, the District Court stated:

> The essence of Plaintiff's factual assertions-that he never received all the necessary disclosure documents at the closing of his Loan and that he was charged excessive fees-have no relation to the pertinent statutes.  The FTCA prohibits unfair competition and deceptive practices affecting commerce, the ECOA prohibits discrimination with respect to credit transactions, and the FCRA regulates how consumer credit information is collected, used, and shared.

*Id.*, 2010 WL 1740779 at *3.  Similarly, the essence of Plaintiff's case is that Plaintiff did not receive disclosures and was charged excessive fees.  As such, the Court concludes that Plaintiff has not stated claims against Wells Fargo under the FTC, the ECOA, and the FCRA.  *See id.*  Accordingly, the undersigned **RECOMMENDS** that the FTC, ECOA, and FCRA claims against Wells Fargo's be **DISMISSED**.

Second, although Plaintiff's allegations do no state sufficient facts to even implicate the FTC, the ECOA, and the FCRA, the undersigned finds that Plaintiff has pleaded sufficient allegations for the Court and Wells Fargo to understand the basis for the TILA/HOEPA and RESPA claims, namely that the circumstances surrounding the disclosures, fees, and the transfer violate these provisions.  Although Plaintiff's complaint has provided allegations to implicate Wells Fargo and give Wells Fargo

26

notice of the claims against it, the undersigned concludes that these allegations (with one exception) do not entitle Plaintiff to survive the motion to dismiss for the reasons that follow.

b.     Statutes of Limitations

Plaintiff appears to raise claims against Wells Fargo for violations under TILA, HOEPA,[9] and RESPA, but Wells Fargo[10] has argued that some of these claims are time barred.  [Doc. 6 at 15-16].  When the allegations in a complaint "show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  The undersigned concludes that Plaintiff's claims for damages under TILA/HOEPA are time barred and Plaintiff's claims under 12 U.S.C. § 2607 are time barred.

---

[9]     The Home Ownership and Equity Protection Act amended TILA.  *See Byrant v. Mortg. Capital Resource Corp.*, 197 F. Supp. 2d 1357, 1360 & n.4 (N.D. Ga. 2002) (Martin, J.); *see also Frazier v. Accredited Home Lenders, Inc.*, 607 F. Supp. 2d 1254, 1256 (M.D. Ala. 2009).  Therefore, the limitation periods for HOEPA and TILA claims are the same.  *See also In re Community Bank of Northern Virginia*, 418 F.3d 277, 304-05 (3d Cir. 2005) ("An affirmative action under HOEPA must be brought within one year of the violation . . .and an action for rescission must be brought within three years[.]") (citations omitted).

[10]    Since the undersigned has concluded that Plaintiff's complaint does not state claims against HSBC and MERS on other grounds, the undersigned does not discuss these two Defendants for the remainder of this R&R.

27

Actions for monetary damages under TILA and HOEPA must be brought "within one year from the date of the occurrence of the violation."  15 U.S.C. § 1640(e); *see also Velardo v. Fremont Investment & Loan*, No. 08-12387, 2008 WL 4768850, *2 (11th Cir. Nov. 3, 2008); *In re Smith*, 737 F.2d 1549, 1552 (11th Cir. 1984).  "The violation 'occurs' when the transaction is consummated."  *In re Smith*, 737 F.2d at 1552.  Under RESPA, claims arising under 12 U.S.C. § 2607 must be brought within one year of the violation.  *See* 12 U.S.C. § 2614.[11]

The undersigned concludes that Plaintiff's claims for damages under TILA and HOEPA are time barred and that Plaintiff's claims under 12 U.S.C. § 2607 of RESPA are time barred.  Plaintiff has complained about disclosures of loan terms and finance charges stemming from the March 5, 2007, loan.  Under 12 U.S.C. § 2607(a) and (b), a party who is involved in real estate settlement services is prohibited from accepting

---

[11]    These statutes of limitations may be subject to equitable tolling. *Ellis v. Gen. Motors Acceptance Corp.*, 160 F.3d 703, 708 (11th Cir. 1998) (finding tolling applies to TILA statute of limitations); *McCarley v. KPMG Int'l*, 293 Fed. Appx. 719, 722-23 n.6 (11th Cir. 2008) (assuming that tolling applies to RESPA statute of limitations).  Equitable tolling will be applied only in exceptional circumstances. *See Justice v. United States*, 6 F.3d 1474, 1479 (11th Cir. 1993). There is no indication that extraordinary circumstances exist in this case. First, Plaintiff's complaint makes no allegations indicating that there are any exceptional circumstances.  Indeed, that Plaintiff used a form complaint suggests that there were no exceptional circumstances. Second, Plaintiff has not responded to the motion to dismiss and therefore has raised no arguments to warrant having the Court toll these limitations periods.

28

AO 72A
(Rev.8/8
2)

fees for referrals and kickbacks and from splitting charges.  Plaintiff's complaints about fees stemming from the March 2007 loan may implicate this provision.  To the extent that Plaintiff asserts that the fees violate § 2607(a) and (b) in the February 19, 2010, complaint, Plaintiff cannot bring these claims because they are time barred in that they are raised nearly three years after the March 2007 loan.  *See* 12 U.S.C. § 2614.

Plaintiff also complains that the Controlled Business Arrangement Disclosure required under 12 U.S.C. § 2607(c)(4) was not provided.  [Doc. 1 at 2].  RESPA does not prohibit affiliated business arrangements so long as disclosure of the arrangement is made and a written estimate of the charge is made.  12 U.S.C. § 2607(c)(4)(A).  Plaintiff's complaint about not receiving this disclosure appears to reference the lack of disclosures associated with the March 2007 loan closing, so it is barred by the one year statute of limitations since Plaintiff waited until February 2010 to bring the claim.  *See* 12 U.S.C. § 2614.

Plaintiff's claims for damages under TILA and HOEPA (assuming that these provisions apply) are also time barred.  Again, Plaintiff's claims about not receiving certain disclosures arose in March 2007 when the refinance loan closed.  Plaintiff waited until February 2010 to file the lawsuit raising these claims for damages under

29

TILA and HOEPA.  These claims for damages are therefore untimely because they were filed well after the one year statute of limitations.  *See* 15 U.S.C. § 1640(e).

Accordingly, the undersigned **RECOMMENDS** that the TILA, HOEPA, and 12 U.S.C. § 2607 claims against Wells Fargo's be **DISMISSED** because these claims are time barred.

c.      *12 U.S.C. § 2604*

Plaintiff complains that Defendants did not provide the "Special Information Booklet, containing consumer information."  [Doc. 1 at 2].  Wells Fargo argues that RESPA does not authorize a civil action for failing to provide this booklet.  [Doc. 6 at 11-13].  Under 12 U.S.C. § 2604, a lender "shall provide" within 3 days of a loan application a booklet to help borrowers understand the cost of real estate settlement services.  12 U.S.C. § 2604(d).  Courts uniformly have concluded that an individual cannot bring a civil action when a lender fails to provide this booklet because RESPA does not authorize such a suit.  *See, e.g.*, *Dixon v. Countrywide Home Loans, Inc.*, --- F. Supp. 2d ----, 2010 WL 1838658, *3 (S.D. Fla. May 7, 2010) ("Section 2604 (which requires the provision of . . . the HUD special information booklet) does not provide a private cause of action."); *Price v. EquiFirst Corp.*, No. 1:08-cv-1860, 2009 WL 917950, *5 (N.D. Ohio, Apr. 1, 2009); *cf. Collins v. FMHA-USDA*, 105 F.3d

30

1366, 1368 (11th Cir. 1997) (holding that there is no private right of action for a violation of 12 U.S.C. § 2604(c)).  As a result, the undersigned concludes that Plaintiff cannot state a claim against Wells Fargo for not receiving the special information booklet.

Accordingly, the undersigned **RECOMMENDS** that the 12 U.S.C. § 2604 claim against Wells Fargo's be **DISMISSED**.

> d.      *12 U.S.C. § 2605*

Plaintiff alleges that Wells Fargo never informed Plaintiff of the assignment and did not record the assignment in the county records, [Doc. 1 at 2], and that 15 days were not given before the transfer of the loan, [*id.* at 3].  Wells Fargo argues that a claim premised on these allegations must fail because "BAC[12] did not have to provide [ ] notice until *after* the effective date of the transfer" and had no duty to provide notice before the assignment.  [*Id.* at 14].

Under 12 U.S.C. § 2605(c), the transferee of a federally related mortgage loan "shall notify the borrower of any such assignment, sale or transfer."   12 U.S.C.

---

[12]      The undersigned assumes that this argument was copied and pasted from another brief and that the reference to "BAC" is an error.  As a result, the undersigned finds that Defendant meant to refer to Wells Fargo, not "BAC," a common abbreviation (and stock symbol) for Bank of America

31

§ 2605(c)(1).  This notice "shall be made to the borrower not more than 15 days after the effective date of transfer of the servicing of the mortgage loan."   12 U.S.C. § 2605(c)(2).

The undersigned concludes that Plaintiff has alleged facts to state a claim against Wells Fargo under 12 U.S.C. § 2605(c).  Initially, the Court agrees with Wells Fargo's argument that the following language from Plaintiff's complaint does not state a claim against it: "A minimum of 15 days were not given to the Plaintiff before the transfer." [Doc. 1 at 3].  As Wells Fargo correctly notes, it had to give notice within 15 days after the date of the transfer, not 15 days before the transfer.[13]  *See* 12 U.S.C. § 2605(c)(2)(A).  Although the language from the complaint about giving notice before the transfer does not allow Plaintiff to state a claim under § 2605(c) against Wells Fargo, this is not Plaintiff's only allegation about the transfer.  Plaintiff also stated that: "Plaintiff was not informed of this assignment" to Wells Fargo.  [Doc. 1 at 2].  This allegation indicates that Wells Fargo never gave notice to Plaintiff, both before and after the transfer.  Given this allegation, the liberal construction of *pro se* complaints, and the requirement that the assignee/transferee give notice within 15 days after the

---

[13]     The servicer of the loan must give notice 15 days before the effective date of the transfer of a loan.  *See* 12 U.S.C. § 2605(b)(1), (2).  Wells Fargo was the transferee/assignee, not the loan servicer.

transfer, the undersigned concludes that Plaintiff has stated a claim against Wells Fargo for violating 12 U.S.C. § 2605(c).  *See* Doc. 18 at 15-16 in *Wade v. Countrywide Home Loans*, No. 1:09-cv-1783-ODE (R&R adopted by District Court at Doc. 19) (finding that plaintiff stated a claim under § 2605(c) where plaintiff alleged that no notice of transfer was ever received).[14]

Accordingly, the undersigned **RECOMMENDS** that Wells Fargo's motion to dismiss the claim arising under 12 U.S.C. § 2605(c) be **DENIED**.

### e.    Rescission

Plaintiff seeks rescission of the March 2007 loan.  [*See* Doc. 1 at 3].  Defendant has asserted that Plaintiff has not stated a claim for rescission because: (1) there is no

------

[14]    The undersigned notes that the Report and Recommendation from the *Ajavon* case, which Wells Fargo attached to its motion, does not require a different conclusion. Although the complaints in this case and the *Ajavon* case are similar, they are not identical.  In *Ajavon*, Plaintiff's complaint provided the following factual allegations about the transfer of the loan: (1) the loan had been transferred "several times to several servicing Companies," [Doc. 1 at 3 in *Ajavon*, 1:09-cv-104-TCB]; (2) "[t]he loan was then transferred/purchase[d] by Countrywide Home Loans Without prior notice," [*id.*].  Given these allegations, Magistrate Judge Johnson concluded that there was no violation under 12 U.S.C. § 2605(c) because Countrywide Home Loans as the transferee had no obligation to give prior notice.  [*See* Doc. 16 at 16 in *Ajavon*, 1:09-cv-104].  In the instant case, Plaintiff alleged that "Plaintiff was not informed of this assignment," [Doc. 1 at 2], an allegation not made in *Ajavon*.  As a result, the allegations in this case are different from those in *Ajavon* because Plaintiff has alleged that Wells Fargo never gave notice of the transfer, not merely that Wells Fargo failed to give notice prior to the transfer.

allegation that Plaintiff granted a security interest in a principal dwelling; and (2) Plaintiff has not alleged that Wells Fargo qualifies as a creditor. [Doc. 6 at 17-18].

Under 15 U.S.C. § 1635,

> [I]n the case of any consumer credit transaction . . . in which a security interest . . . is or will be retained or acquired in any property which is used as the principal dwelling of the person to whom credit is extended, the obligor shall have the right to rescind the transaction . . . by notifying the creditor . . ., in accordance with the regulations . . ., of his intention to do so.

15 U.S.C. § 1635(a).  "Any consumer who has the right to rescind a transaction under section 1635 of this title may rescind the transaction as against any assignee of the obligation."   15 U.S.C. § 1641(c).   Thus, a creditor who fails to comply with the rescission requirements under § 1635 is liable, *Parker v. Potter*, 232 Fed. Appx. 861, 864 (11th Cir. Feb. 14, 2007), and an assignee is also "liable for rescission," *id.* at 865.

The undersigned concludes that Plaintiff's rescission claim against Wells Fargo is subject to dismissal.  Initially, the Court agrees with Wells Fargo that Plaintiff's complaint makes no allegations to demonstrate that Wells Fargo qualifies as a creditor.[15]  However, this failure is not fatal to Plaintiff's rescission claim against Wells

---

[15]    Under TILA, a creditor is defined as:

a person who both (1) regularly extends . . . consumer credit which is payable by agreement in more than four installments or for which the

34

Fargo because Wells Fargo, an assignee, may be liable for rescission. *See* 15 U.S.C. § 1641(c); *Parker*, 232 Fed. Appx. 865. Here, Plaintiff has alleged that Wells Fargo was the assignee of the loan. [*See* Doc. 1 at 2 ("The Loan was later transferred to [Wells Fargo] and assigned a new loan account number[.]")]. As a result, Wells Fargo's argument about the absence of allegations regarding its creditor status does not defeat the rescission claim against Wells Fargo, an assignee.

Although Wells Fargo's creditor argument is misplaced, the undersigned is persuaded by Wells Fargo's principal dwelling argument. TILA's rescission provision applies only where a loan is secured by the principal dwelling. *See* 15 U.S.C. § 1635(a); 12 C.F.R. § 226.23(a); *see also Christ v. Beneficial Corp.*, 547 F.3d 1292, 1297 (11th Cir. 2008) (noting that "TILA permits . . . private litigants with loans secured by real property used as a principal dwelling [to] seek the remed[y] of rescission"); *Santos v. U.S. Bank N.A.*, --- F. Supp. 2d ----, 2010 WL 2218803, *3 (E.D. Cal. June

---

payment of a finance charge is or may be required, and (2) is the person to whom the debt arising from the consumer credit transaction is initially payable on the face of the evidence of indebtedness. . . .

15 U.S.C. § 1602(f). Plaintiff has not alleged that Wells Fargo meets either element. Also, Plaintiff's complaint indicates that Wells Fargo does not meet this requirement because Mid-Atlantic, as the lender for the March 2007 loan, was the "person" to whom the debt was initially payable.

35

1, 2010).  Plaintiff has only alleged that Plaintiff received a loan "to refinance property located at 3655 Garden Way Cumming Ga." [Doc. 1 at 2].  Plaintiff has offered no allegations for the Court to infer that the Garden Way property was the principal dwelling.  Without such allegations, Plaintiff cannot state a claim for rescission.  *See Thomas v. Chase Bank*, Civ. Action No. 09-3803, 2010 WL 1948266, *2 (E.D. Pa. May 14, 2010) (concluding that because plaintiffs did not allege properties served as the their principal dwellings, plaintiffs did not make out a cognizable claim under TILA); *Ford v. Citizens of Southern Nat'l Bank*, 700 F. Supp. 1121, 1124 (N.D. Ga. 1988) (dismissing TILA claim where plaintiff did not allege that security interest was in principal dwelling).

Accordingly, the undersigned **RECOMMENDS** that the rescission claims against Wells Fargo's be **DISMISSED**.

### f.    Fraud and FED. R. CIV. P. 9 Specificity

Plaintiff's complaint states that various fees charged at the closing "[p]erform[ed] the same function but [were] given different names to deceive Plaintiff and double charge." [Doc. 1 at 2].  Wells Fargo argues that any alleged fraud claims must be dismissed because they do not meet the heightened pleading standard under FED. R. CIV. P. 9(b).  [*See* Doc. 6 at 18-20].  Although the undersigned doubts that

36

Plaintiff's complaint raises a State law fraud claim, the undersigned addresses Wells Fargo's arguments out of an abundance of caution.

A complaint raising a fraud claim "must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).  The Eleventh Circuit has noted that:

> Rule 9(b) is satisfied if the complaint sets forth (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

*Tello v. Dean Witter Reynolds, Inc.*, 494 F.3d 956, 972-73 (11th Cir. 2007) (quoting *Ziemba v. Cascade Int'l, Inc.*, 256 F.3d 1194, 1202 (11th Cir. 2001) (internal quotation marks omitted)).  To make a fraud or deceit claim under Georgia law, a plaintiff must prove the following five elements:

> (1) false representation made by the defendant; (2) scienter, the intent to deceive; (3) intent to induce the plaintiff to act or refrain from acting in reliance upon the representation; (4) justifiable reliance by the plaintiff upon the representation; and (5) damages directly and proximately caused by reliance.

*Harrouk v. Fireman*, 291 Ga. App. 818, 822, 662 S.E.2d 892, 895 (2008) (quoting *Middleton v. Troy Young Realty*, 257 Ga. App. 771, 772, 572 S.E.2d 334, 336 (2002)).

37

The undersigned concludes that Plaintiff's fraud claims do not meet the heightened pleading standard and do not state a claim. The essence of Plaintiff's alleged fraud claim is that Plaintiff was deceived into paying fees for the same services at the loan closing. Plaintiff's one paragraph description of the scheme does not meet the heightened pleading standard for describing how Wells Fargo was involved in this scheme. Instead, Plaintiff appears to allege that Mid-Atlantic was the perpetrator of the alleged fraud. As a result, the undersigned concludes that to the extent that Plaintiff intended to bring a claim of fraud against Wells Fargo, Plaintiff has not stated a claim against Wells Fargo.

Accordingly, the undersigned **RECOMMENDS** that the State law fraud claim against Wells Fargo's be **DISMISSED**.

### g.     *Punitive Damages*

Wells Fargo moves to dismiss Plaintiff's claim for punitive damages because Plaintiff cannot prevail on any of the substantive claims and Plaintiff has not alleged facts such as willful conduct, malice, or fraud to support these damages. [Doc. 6 at 20]. The undersigned concludes that Plaintiff's claims for punitive damages are to be dismissed. First, as discussed above, Plaintiff's claims under TILA, 12 U.S.C. § 2607, FCRA, ECOA, HOEPA, and the Federal Trade Commissions Act are subject to

38

dismissal. As such, Plaintiff would not be entitled to any damages, including punitive damages, under these provisions. Second, Plaintiff's State law fraud claim is subject to dismissal, so Plaintiff is not entitled to punitive damages on this claim. *See Lilliston v. Regions Bank*, 288 Ga. App. 241, 246, 653 S.E.2d 306, 311 (2007) (concluding that because substantive claims were dismiss, punitive damages claims were properly dismissed as derivative of the claims). Finally, although Plaintiff's claim under 12 U.S.C. § 2605 survives, Plaintiff cannot recover punitive damages under this provision because this provision only authorizes "actual damages" in the absence of evidence of a pattern or practice of noncompliance. *See* 12 U.S.C. § 2605(f)(1)(A), (B); *Sarsfield v. Citimortgage, Inc.*, 667 F. Supp. 2d 461, 470 (M.D. Pa. 2009) ("A review of RESPA reveals that punitive damages are not authorized by the statute."); *In re Tomasevic*, 273 B.R. 682, 686 (Bankr. M.D. Fla. 2002) (finding that § 2605 "contains no provision for punitive damages").

Accordingly, the undersigned **RECOMMENDS** that the punitive damages claims against Wells Fargo's be **DISMISSED**.

### *Conclusion*

For all of the reasons discussed above, the undersigned **RECOMMENDS** that the District Court: (1) *sua sponte* **DISMISS** Mid-Atlantic pursuant to FED. R. CIV. P.

39

AO 72A
(Rev.8/8
2)

4(m); (2) **GRANT IN PART AND DENY IN PART** the motion to dismiss, [Doc. 6],

by Wells Fargo[16]; and (3) **GRANT** the motions to dismiss filed by MERS and HSBC,

[Docs. 11, 15].

      **IT IS SO RECOMMENDED**, this the 27th day of July, 2010.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**

---

[16]    Specifically, the undersigned **RECOMMENDS** that: (1) Wells Fargo's motion to dismiss on Rule 12(b)(5) grounds be **DENIED**; (2) Wells Fargo's motion to dismiss Plaintiff's claim under 12 U.S.C. § 2605(c) be **DENIED**; and (3) Wells Fargo's motion to dismiss all other claims under Rule 12(b)(6) be **GRANTED**.

40