# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **JO L. CARR,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| **v.** : | **1:10-CV-0477-TWT-AJB** |
| : | |
| **WELLS FARGO HOME** : | |
| **MORTGAGE, INC.,** : | |
| : | |
| **Defendant.** : | |

## ORDER FOR SERVICE OF
## REPORT AND RECOMMENDATION

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1), FED. R. CIV. P. 72(b), N.D. Ga. R. 72.1(B), (D), and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be served upon the opposing party.  The party filing objections will be responsible for

obtaining and filing the transcript of any evidentiary hearing for review by the District Court.  If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review.  *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this  10th   day of  November , 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| **JO L. CARR,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| v. : | **1:10-CV-0477-TWT-AJB** |
| : | |
| **WELLS FARGO HOME** : | |
| **MORTGAGE, INC.,** : | |
| : | |
| **Defendant.** : | |

**UNITED STATES MAGISTRATE JUDGE'S
<u>FINAL REPORT AND RECOMMENDATION</u>**

This matter is before the Court following Plaintiff's failure to respond to the undersigned's October 14, 2010, Order directing Plaintiff to submit a second, fully completed Individual Preliminary Report and Discovery Plan ("planning report"). For the reasons set forth below, the undersigned **RECOMMENDS** that Plaintiff's case be **DISMISSED WITH PREJUDICE**.

*Introduction*

On February 19, 2010, Plaintiff filed a complaint against Mid-Atlantic Financial Services, Inc. ("Mid-Atlantic"), Mortgage Electronic Registration Systems Inc. ("MERS"), Wells Fargo Home Mortgage, Inc. ("Wells Fargo"), and HSBC Bank USA National Association ("HSBC"), alleging violations of various federal laws in the

AO 72A
(Rev.8/82)

circumstances surrounding the refinancing and subsequent assignment of a March 5, 2007, home loan. [*See* Doc 1]. Wells Fargo, HSBC, and MERS each filed individual motions to dismiss. [Docs. 6, 11, and 15]. On August 19, 2010, the District Court adopted the undersigned's recommendations on the motions to dismiss. [Doc. 20]. The District Court granted the motions to dismiss by HSBC and MERS and dismissed those parties from the case. [Doc. 20]. Mid-Atlantic was dismissed for lack of service. [*Id.*]. Wells Fargo's motion was granted in part and denied in part. [*Id.*].

On September 22, 2010, Well Fargo filed its planning report. [Doc. 25]. On September 29, 2010, the undersigned issued an Order noting that Plaintiff's planning report was past due, directing her to file her planning report within fourteen days, and notifying her that failure to do so would result in a recommendation that the action be dismissed pursuant to Local Rule 41.3(A)(2). [Doc. 26]. On October 8, 2010, Plaintiff filed an incomplete planning report. [Doc. 27]. On October 14, 2010, the undersigned issued an Order noting the deficiencies in Plaintiff's planning report, directing her to file a second, fully completed planning report within fifteen days, and notifying her that failure to do so would result in a recommendation that the action be dismissed pursuant to Local Rule 41.3(A)(2). [Doc. 31]. That Order was entered on the docket on October 15, 2010, [*see* Dkt.], and therefore the planning report was due on November 1, 2010.

2

AO 72A
(Rev.8/82)

*Discussion*

The undersigned concludes that Plaintiff's case should be dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41.3A(2), and/or the District Court's inherent power because of her failure to comply with the undersigned's October 14, 2010, Order. [Doc. 31]. *See* FED. R. CIV. P. 41(b); N.D. Ga. R. 41.3A(2); *Zocaras v. Castro*, 465 F.3d 479, 483 (11th Cir. 2006); *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005); *Gratton v. Great American Commc'ns*, 178 F.3d 1373, 1374-75 (11th Cir. 1999); *World Thrust Films, Inc. v. Int'l Family Entm't, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995); *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993); *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985). Because dismissal with prejudice is considered a drastic sanction, a district court may only implement it, as a last resort, when: "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." *Betty K Agencies, Ltd.*, 432 F.3d at 1338 (quoting *World Thrust Films,* 41 F.3d at 1456); *Kilgo*, 983 F.2d at 192 (citing a line of Eleventh Circuit cases that have consistently articulated this standard).

3

Plaintiff has ignored the undersigned's October 14, 2010, Order, [Doc. 31], and she did not make any serious attempt to comply with the September 29, 2010, Order, [Doc. 26]. Given these repeated failures, Plaintiff's behavior constitutes a clear pattern of wilful conduct, and not mere negligence. *See Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 952 (11th Cir. 1996) (noting that although "[m]ost failures to follow court orders are not 'willful' in the sense of flaunting a disrespect for the judicial process," the result may become willful "when a litigant has been given ample opportunity to comply with court orders but fails to effect any compliance").

In addition, the undersigned has considered and tried lesser sanctions. First, the undersigned reminded Plaintiff of her obligation to file a fully completed planning report. [Doc. 3]. Second, the undersigned warned Plaintiff that if she did not comply with the Order, her complaint would be subject to dismissal. [*Id.*] Third, the undersigned has considered economic penalties against Plaintiff, but these penalties are unlikely to be collected and unlikely to compel Plaintiff to comply given her record of noncompliance. If repeated opportunities to prosecute her voluntarily brought claim have not spurred Plaintiff to action, the threat or imposition of monetary penalties are similarly inutile. Plaintiff's failure to respond to the undersigned's Order and heed the

4

undersigned's warning undercuts any lesser sanction as a viable alternative to dismissal and indicates that dismissal is appropriate. *See Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

Since Plaintiff's conduct is willful and lesser sanctions will not suffice, the undersigned concludes that the case should be dismissed pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41.2A(2), and/or the District Court's inherent power.

*Conclusion*

For the reasons discussed above, the undersigned **RECOMMENDS** that Plaintiff's case be **DISMISSED WITH PREJUDICE**. The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this the 10th day of November, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A (Rev.8/82)